1  ELLEN M. MAHAN
   Deputy Section Chief
2  ANDREW W. INGERSOLL
   Trial Attorney
3  Environment and Natural Resources Division
   United States Department of Justice
4  P.O. Box 7611
   Washington, DC 20044-7611
5  Telephone: (202) 305-0312
   Facsimile: (202) 541-2583

FILED
Clerk
District Court

MAR 21 2011

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7  ALICIA LIMTIACO
   United States Attorney
8  MIKEL W. SCHWAB
   Assistant United States Attorney
9  Sirena Plaza
   108 Hernan Cortez, Suite 500
10 Hagatna, Guam 96910
   Telephone: (671) 472-7332

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,           )
                                    )
           Plaintiff,               ) CIVIL ACTION NO. CV 11-00006
     v.                             )
                                    ) COMPLAINT
MARIANA ACQUISITION CORPORATION,    )
                                    )
           Defendant.               )
_____)

The United States of America, by the authority of the Attorney General of the United States and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), by and through the undersigned attorneys, alleges as follows:

NATURE OF ACTION

1. This is a civil action brought under Section 113(b) of the Clean Air Act (the

COMPLAINT                          -1-

"Act"), 42 U.S.C. § 7413(b), for injunctive relief and the assessment of civil penalties against Mariana Acquisition Corporation, formerly doing business as Shell Marianas ("Defendant"), for violations of the Act and the regulations promulgated thereunder at its bulk gasoline terminal located in Puerto Rico, Saipan.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this judicial district under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391 and 1395, because it is the judicial district in which the violations alleged in this Complaint have occurred and are occurring.

## AUTHORITY AND NOTICE

4. Authority to bring this action is vested in the United States Department of Justice under Section 305 of the Act, 42 U.S.C. § 7605, and 28 U.S.C. §§ 516 and 519.

5. Notice of the commencement of this action has been given to the Commonwealth of the Northern Mariana Islands ("CNMI") Division of Environmental Quality, as required by Section 113(b) of the Act, 42 U.S.C. § 7413(b).

## PARTIES

6. Plaintiff is the United States of America, acting at the request and on behalf of the EPA Administrator.

7. Defendant is a CNMI corporation with its corporate headquarters located in Tamuning, Guam.

8. Defendant is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e), because the term is defined to include corporations.

## STATUTORY AND REGULATORY FRAMEWORK

9. The primary purpose of the Act is to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population. 42 U.S.C. § 7401(b)(1).

COMPLAINT -2-

10. Section 111(b)(1) of the Act, 42 U.S.C. § 7411(b)(1), required EPA's Administrator to: (a) publish a list of categories of stationary sources that, in his judgment, cause or contribute significantly to air pollution that may reasonably be anticipated to endanger the public health or welfare; and (b) promulgate standards of performance for new sources within those categories. These standards, commonly known as the New Source Performance Standards ("NSPS"), are codified at 40 C.F.R. Part 60.

11. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), EPA's Administrator is authorized to commence a civil action for appropriate relief, including injunctive relief and civil penalties, against any person who has violated or is in violation of any requirement or prohibition of any rule promulgated under Section 111 of the Act, 42 U.S.C. § 7411.

12. On December 23, 1971, EPA promulgated the NSPS "General Provisions," codified at 40 C.F.R. Part 60, Subpart A. 36 Fed. Reg. 24,877. Subpart A includes requirements that apply to the owner or operator of an affected facility at a stationary source that is subject to a category-specific NSPS. *See, e.g.*, 40 C.F.R. § 60.1.

13. On August 18, 1983, EPA promulgated the NSPS for "Bulk Gasoline Terminals," codified at 40 C.F.R. Part 60, Subpart XX. 48 Fed. Reg. 37,590. Subpart XX applies to the total of all the loading racks at a bulk gasoline terminal that deliver liquid product into gasoline tank trucks if the construction or modification of the affected facility is commenced after December 17, 1980. 40 C.F.R. § 60.500(a)-(b).

14. Subpart XX requires the owner or operator of each bulk gasoline terminal to equip the loading racks with a vapor collection system designed to collect the total organic compounds vapors displaced from tank trucks during product loading. 40 C.F.R. § 60.502(a). The emissions to the atmosphere from the vapor collection system must not exceed 35 milligrams of total organic compounds per liter of gasoline loaded. 40 C.F.R. § 60.502(b). The owner or operator must comply with these requirements on and after the date on which the performance test is required to be completed. 40 C.F.R. § 60.502.

15. NSPS Subparts A and XX require the owner or operator of a bulk gasoline

COMPLAINT -3-

1  terminal to conduct performance tests within 60 days after achieving the maximum production
2  rate at which the loading racks will be operated, but not later than 180 days after the initial
3  startup of the loading racks. 40 C.F.R. §§ 60.8, 60.503.

4      16.    Section 111(e) of the Act, 42 U.S.C. § 7411(e), makes it unlawful for any owner
5  or operator of any new source to operate such source in violation of any applicable NSPS.

## GENERAL ALLEGATIONS

7      17.    Defendant owns and operates the bulk gasoline terminal, formerly referred to as
8  the Shell Puerto Rico Terminal, located on Industrial Drive in Puerto Rico, Saipan ("MAC
9  Terminal").

10      18.    Defendant leases the land where the MAC Terminal is located from the
11  Commonwealth Port Authority, a unit of the CNMI.

12      19.    Petroleum products (*e.g.*, gasoline, diesel) shipped from Singapore are transferred
13  via two pipelines from dockside to the MAC Terminal's storage tanks. These products are then
14  distributed by pipeline from the storage tanks to loading racks, where the products are loaded into
15  tank trucks.

16      20.    The MAC Terminal has a maximum calculated design throughput greater than
17  75,700 liters of gasoline per day.

18      21.    The MAC Terminal's loading racks consist of one top loading rack "island," with
19  two loading bays built in or about 1989.

20      22.    The MAC Terminal is a "stationary source," as that term is defined in Section
21  111(a)(3) of the Act, 42 U.S.C. § 7411(a)(3), because it is a facility that emits air pollutants.

22      23.    Defendant is an "owner or operator" of the MAC Terminal, within the meaning of
23  Section 111(a)(5) of the Act, 42 U.S.C. § 7411(a)(5), and 40 C.F.R. § 60.2, because it owns and
24  operates the MAC Terminal.

25      24.    The MAC Terminal is a "bulk gasoline terminal," as that term is defined in
26  40 C.F.R. § 60.501, because it receives gasoline by ship and has a maximum calculated design
27  throughput capacity greater than 75,700 liters per day.

28  COMPLAINT                                         -4-

25. Each loading rack at the MAC Terminal is a "loading rack," as that term is defined in 40 C.F.R. § 60.501, because they include the loading arms, pumps, meters, shutoff valves, relief valves, and other piping and valves necessary to fill gasoline delivery tank trucks.

26. Each loading rack at the MAC Terminal is part of an "affected facility," as that term is defined in 40 C.F.R. §§ 60.2 and 60.500, because the MAC Terminal was constructed after December 17, 1980 and because the standards of 40 C.F.R. Part 60, Subpart XX are applicable to them.

### FIRST CLAIM FOR RELIEF
(Failure to Equip Loading Racks with Pollution Controls)

27. Paragraphs 1 through 26, above, are realleged and incorporated herein by reference.

28. Since 1989, the MAC Terminal loading racks have been and continue to be operated without a vapor collection system as required by the NSPS requirements of 40 C.F.R. § 60.502(a).

29. At the MAC Terminal, Defendant violated and continues to violate the NSPS loading rack vapor collection system requirements of 40 C.F.R. § 60.502(a).

30. Each violation of 40 C.F.R. § 60.502(a) at the MAC Terminal subjects Defendant to liability under the Act.

31. Unless enjoined by an order of this Court, Defendant will continue to violate 40 C.F.R. § 60.502(a) at the MAC Terminal.

32. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 40 C.F.R. Part 19, the Defendant is liable for injunctive relief and civil penalties of not more than $25,000 per day for each violation of any requirement of 40 C.F.R. § 60.502(a) occurring on or before January 30, 1997, up to $27,500 per day for each violation that occurs between January 30, 1997 and March 15, 2004, up to $32,500 per day for each violation that occurs between March 16, 2004, and January 12, 2009, and up to $37,500 per day for each violation that occurs after January 12, 2009.

COMPLAINT -5-

## SECOND CLAIM FOR RELIEF
(Failure to Limit Loading Rack Emissions)

33. Paragraphs 1 through 32, above, are realleged and incorporated herein by reference.

34. Since 1989, Defendant has failed to limit emissions from the loading of liquid product from the MAC Terminal loading racks into gasoline tank trucks to not more than 35 milligrams of total organic compounds per liter of gasoline loaded as required by 40 C.F.R. § 60.502(b), because the loading racks do not have a vapor collection system and the uncontrolled emissions therefore greatly exceed 35 milligrams of total organic compounds per liter of gasoline loaded.

35. At the MAC Terminal, Defendant violated and continues to violate the NSPS loading rack emission limit of 40 C.F.R. § 60.502(b).

36. Each violation of 40 C.F.R. § 60.502(b) at the MAC Terminal subjects Defendant to liability under the Act.

37. Unless enjoined by an order of this Court, Defendant will continue to violate 40 C.F.R. § 60.502(b) at the MAC Terminal.

38. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 40 C.F.R. Part 19, Defendant is liable for injunctive relief and civil penalties of not more than $25,000 per day for each violation of any requirement of 40 C.F.R. § 60.502(b) occurring on or before January 30, 1997, up to $27,500 per day for each violation that occurs between January 30, 1997 and March 15, 2004, up to $32,500 per day for each violation that occurs between March 16, 2004, and January 12, 2009, and up to $37,500 per day for each violation that occurs after January 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America respectfully prays that this Court:

a. Permanently enjoin the Defendant from operating the MAC Terminal in violation of the Act, including NSPS Subparts A and XX;

COMPLAINT -6-

1  b.  Assess civil penalties against Defendant of up to $25,000 per day for each violation of the Act occurring on or before January 30, 1997, up to $27,500 per day for each violation that occurs between January 30, 1997 and March 15, 2004, up to $32,500 per day for each violation that occurs between March 16, 2004, and January 12, 2009, and up to $37,500 per day for each violation that occurs after January 12, 2009;

c.  Award Plaintiff its costs and disbursements in this action; and,

d.  Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Date: 3/8/2011

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Date: 3/8/2011

ANDREW W. INGERSOLL
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0312

Date: 3/21/2011

ALICIA LIMTIACO
United States Attorney
MIKEL W. SCHWAB
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Suite 500
Hagatna, Guam 96910
Telephone: (671) 472-7332

OF COUNSEL:
THOMAS P. MINTZ
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, California 94105

COMPLAINT -7-